IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DOUGLAS MCBRIDE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 26-cv-00063 |
| ) | |
| **USAA FEDERAL SAVINGS BANK,** ) | |
| ) | TRIAL BY JURY DEMANDED |
| Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff Douglas McBride and as his Complaint against the Defendant USAA Federal Savings Bank ("USAA"), avers as follows:

## PRELIMINARY STATEMENT

This case arises from the failure of USAA to properly investigate and credit funds fraudulently extracted from Plaintiff's USAA bank account. Plaintiff's account was compromised on June 9, 2025, when unknown individuals extracted $16,500 from his account through two separate electronic funds transfer. Plaintiff discovered the missing funds after he received a suspicious phone call on June 9, 2025. He immediately reported the unauthorized transfer to USAA and was asked to provide details over the phone, which he did. He later submitted multiple written disputes to USAA. USAA initially issued a provisional credit, but later removed the credit. USAA concluded, without proof and without conducting any reasonable investigation, that the transaction was not fraudulent or unauthorized. USAA also failed to provide an explanation of the basis for its conclusions as required by federal law. After receipt of USAA's conclusions, Plaintiff submitted two written request for further information and for documents upon which USAA relied for its determination that the transfers were not fraudulent. USAA failed to provide the requested

information or documents.

      USAA has violated the federal Electronic Funds Transfer Act 15 U.S.C. §§ 1693 *et seq.* (the "EFTA"). It also failed to take reasonable measures to prevent the fraudulent transfer and failed to take reasonable actions in response. Plaintiff asserts claims under the EFTA for declaratory relief, actual damages, statutory damages, attorneys' fees and costs. He also asserts state law claims all arising under the same set of facts.

## PARTIES

1. Plaintiff is an adult resident of Baldwin County, Alabama.

2. Defendant USAA Federal Savings Bank is a foreign corporation with its principal place of business outside the State of Alabama. Defendant is referenced to herein as "USAA."

## BACKGROUND FACTS

3. Colonel McBride is a retired member of the United States Army, special forces. He resides with his wife in Gulf Shores, Alabama. At all relevant times, McBride held a checking account with USAA, identified with an account number ending in 2609 (hereinafter referred to as the "USAA Account").

4. On the day that the USAA account was compromised (June 9, 2025), Col. McBride received a suspicious call from an unknown caller, identifying himself as a representative of USSA's fraud department. During the call, the man informed McBride that he wanted to ask about some transactions on the account that were suspicious. The man had all of McBride's USAA bank information and information regarding his recent transactions. After McBride confirmed the transactions, he became suspicious of the call and immediately hung up. McBride provided no information other than to confirm the recent transactions.

5. Suspicious that the caller might be an imposter, McBride immediately called USAA. The bank confirmed that he was not contacted by anyone from the bank. McBride then

immediately checked his USAA account and saw that someone had initiated two electronic ACH transfers from his account that day: one in the amount of $8,000.00, and another immediately after in the amount of $8,500.00, for a total of $16,500.00. The transfers were not authorized by McBride and the funds were transferred into an unknown account. Part of the funds held in that account were funds set aside by McBride and his wife for their daughter's upcoming wedding.

6.  McBride immediately called USAA back to report the unauthorized transactions. USAA informed him that they would start an investigation.

7.  In response, USAA issued provisional credits for each of the transfers, in the total amount of $16,500.00. USAA also provided letters dated June 9th notifying Plaintiff of the provisional credits and stating that the credits would remain unless USAA determined that the transactions were not fraudulent.

8.  USAA issued no other written notices regarding its investigation until August 22, 2025, when it notified Plaintiff that after a "thorough investigation, we've determined that the listed transactions aren't fraudulent. We based our decision on the information we had available at the time of our review." The letter stated that because McBride had authorized the transactions, the provisional credit would be removed. The letter listed only the $8,000 transfer and made no mention of the $8,500 transfer. The letter also did not state any factual basis for USAA's conclusion that the transfers were not fraudulent.

9.  On August 29th, USAA removed both provisional credits (totaling $16,500) from Plaintiff's account.

10. Shortly thereafter, McBride contacted USAA for an explanation for why the credits were removed. The USAA representative explained that they determined that he authorized the

transfers because they were initiated using his debit card at an ATM. No further information was provided. The representative stated that USAA had no idea where the funds were transferred to, by whom, and he refused to disclose the locations of the ATMs where USAA had determined the transfers took place.

11. On September 3, 2025, McBride sent a letter to USAA requesting that they reopen the investigation of the unauthorized transfers. He also requested a copy of all documents and evidence supporting USAA's conclusion that the transactions were not fraudulent.

12. On September 10, 2025, McBride received a letter from USAA in response to his request for documentation. However, the letter stated only that the "transaction was completed using a chip-enabled card, a secure payment method that requires inserting the card into the terminal…" No other information was provided and no documents or reference to any documents or evidence was provided.

13. McBride did not use his debit card to initiate the transactions and he did not misplace or lose his debit card during that period. USAA has provided no information tying Plaintiff to the transfers and no evidentiary basis for its conclusion that the transfers were authorized.

14. Due to USAA's lack of any meaningful response and refusal to reinvestigate the matter, McBride initiated complaints with the Consumer Financial Protection Bureau ("CFPB") and the Office of Comptroller of the Currency ("OCC").

15. On October 2, 2025, McBride sent another letter to USAA regarding its failure to investigate the matter further and its failure to provide any meaningful evidence supporting its conclusion. He again requested that USAA provide further information into their investigation of

his fraud claim.

16. USAA did not respond, did not provide any of the requested documentation, and has taken no further action.

## COUNT I
## (VIOLATION OF ELECTRONIC FUNDS TRANSFER ACT)

17. The allegations stated in Paragraphs 1 through 16 above are incorporated as if fully asserted herein.

18. This is a claim asserted against Defendant for violation of the federal Electronic Funds Transfer Act 15 U.S.C. §§ 1693 *et seq.* (the "EFTA").

19. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1639a(6).

20. Defendant is a "financial institution" as that term is defined in 15 U.S.C. § 1639a(9).

21. The transactions which extracted funds from Plaintiff's USAA account ending in 2609 without his knowledge or authority were each "unauthorized electronic transfer" as that term is defined in 15 U.S.C. § 1693a(12). Those transfers also each constitute an "error" within the meaning of 15 U.S.C. § 1693f(f).

22. Plaintiff provided prompt and reasonable notice to Defendant of the unauthorized transactions. Plaintiff's notice constitutes notification of error for purposes of 15 U.S.C. § 1693f(a).

23. Pursuant 15 U.S.C. § 1693g, Plaintiff is not liable for any of the unauthorized charges. He did not initiate, authorize, know about or benefit from the transactions. Moreover, Plaintiff provided sufficient information to Defendant to establish that he was not liable for the unauthorized transactions.

24. Defendant has not met and cannot meet its burden of establishing that the transactions were authorized by Plaintiff or that Plaintiff benefited from the transfers.

25. Defendant violated the EFTA by failing to permanently credit Plaintiff's account in the amount of the unauthorized transfers.

26. Defendant also violated the EFTA by failing to properly investigate Plaintiff's notices of error pursuant to the error resolution procedures required in 15 U.S.C. § 1693f.

27. Defendant violated the error resolution procedures required in 15 U.S.C. § 1693f in at least the following ways:

    (a) It failed to conduct any reasonable investigation of the errors;

    (b) It failed to provide a written response to the dispute within the time prescribed in Section 1693f;

    (c) The written response, which was provided on August 22, 2025, failed to meet the requirements set out in Section 1693f(d) and 12 C.F.R § 205.11(d)(1);

    (d) It failed to provide the documents requested by Plaintiff in his September 3rd and October 2nd letters as required by 1693f(d) and 12 C.F.R § 205.11(d)(1);

28. Defendant also violated the EFTA by failing to provide credit for the unauthorized transfers which it knew or, upon any reasonable investigation, should have known were not authorized by Plaintiff and did not benefit the Plaintiff.

29. Defendant knowingly and willfully concluded that the account was not in error when such conclusion could not reasonably have been drawn from the evidence available to Defendant at the time of its investigation.

30. Defendant knowingly and willfully failed to properly investigate the fraudulent activity and credit Plaintiff's account.

31. All of the acts and omissions made by Defendant in violation of the EFTA occurred

within one year prior to the filing of this action.

32. As a proximate result of Defendant's violations of the EFTA, Plaintiff has suffered actual damages, including loss of funds, loss of access to funds, mental and emotional pain, fear, distress and anguish.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A. Actual damages, including damages for mental and emotional pain, distress and anguish, humiliation and embarrassment;

B. Statutory damages pursuant to 15 U.S.C. § 1693m;

C. Treble damages pursuant to 15 U.S.C. § 1693f(e);

C. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1693m(a)(3); and

E. Such other and further relief as this Court deems just and proper, the premises considered.

## COUNT II
## (NEGLIGENCE)

33. Plaintiff realleges and incorporates Paragraphs 1 through 16 as if fully set out herein.

34. Defendant owed duties of reasonable care to Plaintiff at all relevant times. These include a duty to take reasonable actions to prevent fraudulent electronic transactions, including those made from Plaintiff's account. It also owed a duty to reasonably investigate claims that fraudulent or unauthorized charges were made. These duties also include the duty to take reasonable steps to reverse any charge which any reasonable investigation would determine to be fraudulent or unauthorized. These duties arise from the operation of law and from federal statutes

and regulations, including the EFTA and its implementing regulations.

35. Defendant breached the duties owed to Plaintiff.

36. Defendant's acts and omissions with respect to the unauthorized and fraudulent transactions made from his USAA Account constitute negligence. Defendant also negligently failed to properly investigate Plaintiff's disputes.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant for negligence and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT III
### (WANTONNESS)

37. The allegations stated in Paragraphs 1 through 16 above are incorporated as if fully asserted herein.

38. Defendant's actions taken in connection with Plaintiff's account constitute wantonness. Defendant had a duty by operation of law to take ordinary care to prevent unauthorized electronic transfers out of Plaintiff's account. It also owed a duty to take ordinary care to properly investigate alleged fraudulent transfers and take reasonable measures in response to the fraud. That duty included, but is not limited to, the duty to conduct a reasonable and good faith investigation of the reported fraudulent transactions and to provide credit for those transactions in the absence of any credible evidence that the transactions were in fact authorized. Moreover, Defendant had a duty to act reasonably in immediately safeguarding the account and providing Plaintiff with a reasonable and safe means of accessing his remaining funds.

39. Defendant wantonly failed to perform its duties with respect to Plaintiff's account

and his dispute. Defendant's acts and omissions described herein were made in dereliction of its legal duties and with wanton, reckless or conscious disregard for the Plaintiff's rights and well-being.

      40.     Plaintiff has suffered damage as a proximate result of the wantonness of Defendant.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant for wantonness and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

      **TRIAL BY JURY IS DEMANDED AS TO EVERY CLAIM ASSERTED HEREIN.**

Respectfully submitted this the 26th day of February, 2026.

                                                                             _____
                                                                             KENNETH J. RIEMER (RIEMK8712)
                                                                             RIEMER LAW, LLC
                                                                             *Attorney for Plaintiff*
                                                                             1610 Government Street
                                                                             Mobile, AL  36604
                                                                             Telephone: (251) 432-9212
                                                                             E-mail: KJR@Riemer-Law.com

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL AS FOLLOWS:**

**USAA Federal Savings Bank**
1 Norterra Drive
Phoenix, AZ 85085